1420

William V. BROADWELL, Respondent v. Thomas E. WHITACRE, Dean D. Hunter, Jr., Individually and as Finance Director and the County Administrator for Richland County, Appellants.

(386 S.E. (2d) 307)

Court of Appeals

*Julian H. Gignilliat* and *Linda Pearce Edwards*, of *Gignilliat, Savitz & Bettis*, Columbia, *for appellants.*

*J. Lewis Cromer* of *Cromer & Mabry*, Columbia *for respondent.*

Heard Oct. 16, 1989.

Decided Nov. 13, 1989.

SHAW, Judge:

Respondent, William V. Broadwell, instituted this action

seeking longevity pay from appellant, Richland County. From an order of the trial court awarding Broadwell longevity pay and attorney's fees, the county appeals. We affirm in part and reverse in part.

The facts of this case are undisputed. Broadwell, who worked for the county for over twenty-six years, resigned from his job, his last day of work being September 3, 1987. Immediately thereafter, he began working for the state. Broadwell submitted a Richland County Personnel Action form seeking, among other things, longevity pay. The county refused to pay the longevity pay. The parties stipulated the amount of longevity pay in question, if due, is $3,292.64.

The county argued Broadwell is not eligible for longevity pay under Richland County Ordinance § 2-438. The trial judge found Broadwell is entitled to the longevity pay and ordered the county to pay the $3,292.64 along with attorney's fees in the amount of $850.

The county first contents the trial judge erred in awarding longevity pay arguing such pay is contingent upon the employee's planning to retire and the facts indicate Broadwell did not plan to retire. We disagree.

Richland County Ordinance § 2-438(f) provides:

> It is hereby authorized that employees, except members of the county council, having twenty (20) years' [sic] or more service with the county . . . and who plan to retire, be granted an additional ten (10) percent longevity payment to be included in their final pay check.

The county argues the ordinance requires not only that the employee provide at least twenty years of service, but that the employee also plans to retire before he may receive longevity pay. In this case, the county contends Broadwell did not plan to retire because he immediately became employed by the state.

The record before us reveals no ordinance definition for the word "retirement." The county would have us read the ordinance as requiring retirement from all employment, while Broadwell would have us interpret it as retirement from county employment. We find a plain reading of the ordinance requires only retirement from the county. Clearly, the ordinance seeks to reward those employ-

ees who devote at least twenty years of service to the county upon their retirement. By reading the ordinance as requiring retirement form the county, the purpose of the ordinance is achieved, for it has encouraged and resulted in twenty years of service. To read the ordinance as urged by the county would be to punish the employee for choosing to remain employed after his service to the county.

The county argues that under this theory, an employee could leave after twenty years, receive ten percent longevity pay and, presumably, return to the county the next year. While we do not necessarily agree with that proposition, we do not believe a reading of the ordinance as espoused by the county would change that situation, for such would depend on whether there is a provision for revoking longevity pay after it has already been granted. In other words, such a situation could be encountered whether the ordinance is read as requiring retirement from the county or from all employment.

The county alleges error in the award of attorney's fees. Broadwell argues he is entitled to attorney's fees pursuant to S. C. Code Ann. § 15-77-300 (Supp. 1988) which provides in part:

> In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:
>
> (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
>
> (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

The county urges the court failed to make findings as required under the two prongs of the statute. However, we need not reach that issue as the court finds, and Mr. Broadwell concedes, no petition for attorney's fees was filed within thirty days following final disposition as

required by S. C. Code Ann § 15-77-310 (Supp. 1988). Therefore, the award of attorney's fees is reversed.

Affirmed in part, reversed in part.

BELL and CURETON, JJ., concur.